IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | |
|---|---|
| TENNESSEE TRACTOR, LLC, on behalf of itself and the Tennessee Tractor, LLC Health and Welfare Benefit Plan, and KERRY YOUNG, on behalf of himself and all similarly situated persons, | ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) No. 1:17-cv-02829-STA-egb |
| WH ADMINISTRATORS, INC., | ) ) ) |
| Defendant. | ) |

---

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S THIRD MOTION TO COMPEL ARBITRATION**

---

Before the Court is the Third Motion of Defendant WH Administrators, Inc., to Compel Arbitration (ECF No. 24) in this action combining state-law claims brought by an employer and class-action claims brought by its employees under the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"). The employer, Plaintiff Tennessee Tractor, LLC ("Tennessee Tractor"), and the employee bringing the class-action claims on behalf of himself and the other employees that were participants in the plan giving rise to this action, Plaintiff Kerry Young ("Young"), seek to respectively enforce contractual obligations and duties owed under federal law. Defendant, however, avers to the Court that all parties are bound to arbitrate any dispute surrounding its management of the ERISA plan. For reasons set forth below, the instant Motion is **GRANTED IN PART AND DENIED IN PART**. Plaintiff Tennessee Tractor

is compelled to arbitrate its claims against Defendant in accordance with their agreement. Young and the other beneficiaries, however, may continue to pursue their claims before this Court. Therefore, Tennessee Tractor's claims against Defendant are hereby **STAYED**. Further, the stay of Plaintiffs' Motion for Preliminary Injunction (ECF No. 10) is hereby **LIFTED**. Defendant has twenty (20) days from the entry of this Order to respond to Plaintiffs' Motion.

## I.     BACKGROUND

### A.     Procedural Posture

On November 10, 2017, Plaintiffs filed a Class Action Complaint (ECF No. 1) based on alleged violations of ERISA. On November 27, 2017, Plaintiffs filed their Second Motion for Preliminary Injunction (ECF No. 10). On December 4, 2017, Defendant filed its First Motion to Compel Arbitration (ECF No. 14). And then on December 6, 2017, Defendant filed its Second Motion to Stay Plaintiffs' Second Motion for Preliminary Injunction (ECF No. 18) pending the resolution of the First Motion to Compel Arbitration. The Court granted Defendant's Motion to Stay in its December 8, 2017 Order (ECF No. 21). But then on December 11, 2017, Plaintiffs filed their First Amended Class Action Complaint ("Amended Complaint") (ECF No. 22), which rendered the initial Complaint, and therefore also the First Motion to Compel, moot. Defendant filed the instant Motion on December 19, 2017 (ECF No. 24). And now Plaintiffs have a filed a Response in Opposition (ECF No. 25). The Court entered an Order (ECF No. 27) on December 28, 2017, that extended the stay from its December 8, 2017 Order until the resolution of the Motion now before the Court. On December 29, 2017, Defendant filed a Motion for Leave to Reply (ECF No. 28), which the Court granted that same day (ECF No. 29). Defendant filed its Reply (ECF No. 30) on January 5, 2018. But then, on January 9, 2018, Plaintiff filed its own

Motion (ECF No. 32) seeking leave to file a sur-reply. The Court granted Plaintiff's Motion in its January 10, 2018 Order (ECF No. 33). And on January 17, 2018, Plaintiff filed its Sur-Reply (ECF No. 34).

### B. Material Facts

The following facts are alleged by Plaintiffs in their Amended Complaint. Tennessee Tractor is a west Tennessee-based John Deere dealer engaged in the sale and service of John Deere tractors, mowers, and their respective parts. Tennessee Tractor also established the Tennessee Tractor LLC Health and Welfare Benefit Plan (the "Plan") for the benefit of its employees and their eligible dependents. Young is and, at all times relevant to this lawsuit, was a full-time employee of Tennessee Tractor. Defendant is and, at all times relevant to this lawsuit, was a third-party provider of ERISA plan administration and claims services. In February 2016, Defendant, through its own actions in Tennessee and those of its agent and broker, marketed a self-funded group health plan in Tennessee to Tennessee Tractor for the benefit of its employees. This health plan would be and indeed was an employee welfare benefit plan as defined under ERISA. On or about April 18, 2016, Tennessee Tractor entered into a Patient Protection and Affordable Care Act Compliance Service Agreement (the "Agreement") with Defendant WH Administrators, Inc., to administer the Plan. Under the Agreement, Defendant was to, among other things, ensure Tennessee Tractor's compliance with the Patient Protection and Affordable Care Act and administer the Plan. The Plan was to commence on June 1, 2016. Tennessee Tractor was named as Plan Sponsor. Defendant was the duly appointed Plan Administrator and named fiduciary. Tennessee Tractor's employees, including Young, were participants in the Plan and therefore eligible to receive benefits under it. Over the course

of the parties' contractual relationship, Tennessee Tractor performed all of its duties and obligations under the Agreement. But in December 2016, Defendant abruptly and without explanation ceased processing or paying the claims of Tennessee Tractor's employees, including those of Young. Young now brings statutory claims under ERISA on behalf of himself and the other Plan participants. And Tennessee Tractor further brings claims of breach of contract, fraud and misrepresentation, and indemnification under Tennessee law.

### C. The Agreement

Plaintiffs attached a copy of the Agreement to the Amended Complaint. The Agreement was made between and entered into by Tennessee Tractor and Defendant. The Agreement contains an arbitration provision that states as follows:

> **12. ARBITRATION.** Any controversies or disputes arising out of or relating to this Agreement shall be resolved by binding arbitration in accordance with the then-current Commercial Arbitration Rules of the American Arbitration Association, including the rules applicable to discovery, however all other discovery methods under Maryland law are also authorized. . . . The arbitration shall take place in the State of Maryland, unless otherwise mutually agreed upon by the parties. . . . The decision rendered by the arbitrator(s) shall be final and binding on the parties, and judgment may be entered in conformity with the decision in any Maryland court having jurisdiction. The agreement to arbitration shall be specifically enforceable under prevailing arbitration law. . . .

PPACA Compliance Service Agreement, ¶ 12, Apr. 18, 2016, ECF No. 22-1 [hereinafter "Service Agreement"]. The Agreement also states it confers no rights or benefits upon any party besides the signatories to its terms:

> **21. NO THIRD PARTY RIGHTS.** Nothing in this Agreement is intended to confer any rights or remedies on anyone other than the parties to the Agreement and their respective successors, representatives[,] and assigns. The provisions of this Agreement shall not entitle any person not a signatory to this Agreement to any rights as a third[-]party beneficiary . . . .

*Id.* ¶ 21.

## II. STANDARD OF LAW

A motion to compel arbitration "is not a motion [that] comes within the ambit of Rule 12(b) of the Federal Rules of Civil Procedure . . . ." *Raasch v. NCR Corp.*, 254 F. Supp. 2d 847, 851 (S.D. Ohio 2003). Such motions are governed rather by the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* (the "FAA"). *Id.* The FAA was enacted with the purpose of "revers[ing] the longstanding judicial hostility to arbitration agreements that had existed at . . . common law . . . and . . . plac[ing] arbitration agreements upon the same footing as other contracts." *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991); *see also Rosenberg v. BlueCross BlueShield of Tenn., Inc.*, 219 S.W.3d. 892, 902–03 (Tenn. 2006) (discussing the impact of the FAA). When a party files a motion invoking an arbitration agreement, the Court "must follow the procedure set forth in section 4 of the FAA." *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 573 (6th Cir. 2003). Section 4 of the FAA provides as follows:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed . . . . [U]pon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration . . . .

9 U.S.C. § 4. If the parties to a civil action have a valid arbitration agreement, the Court should compel arbitration and stay the proceedings pending the outcome of the arbitration. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 392 (6th Cir. 2003) (citing 9 U.S.C. § 3); *see also Great Earth Cos., Inc. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (quoting 9 U.S.C. § 4; *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)) ("'[W]hen asked by a party to compel arbitration under a contract, a federal court must determine whether the parties have agreed to arbitrate the dispute at issue.' If the district court is satisfied that the agreement to arbitrate is not 'in issue,' it

must compel arbitration."). The Court conducts a four-step analysis of the arbitration agreement. *See Fazio*, 340 F.3d at 392 (citing *Stout*, 228 F.3d at 714). First, the Court must determine whether the parties have agreed to arbitrate. *Id.* Second, the Court construes the scope of the agreement. *Id.* Third, where federal statutory claims are asserted, the Court must consider whether Congress intended those claims to be non-arbitrable. *Id.* Finally, if the Court concludes that some, but not all, of the claims are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *Id.*

## III. ANALYSIS

### A. Agreement to Arbitrate

The Court must first determine whether the parties agreed to arbitrate. *Fazio v. Lehman Bros., Inc.*, 340 F.3d 386, 393 (6th Cir. 2003) (citing *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000)). "An arbitration agreement may be invalidated for the same reasons for which any contract may be invalidated, including forgery, unconscionability, and lack of consideration." *Id.* (citing *Doctor's Assocs. v. Casarotto*, 517 U.S. 681, 687 (1996)). And "'[o]rdinary state-law principles that govern the formation of contracts' will apply to this analysis." *Id.* (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). The arbitration provision giving rise to this Motion appears in Paragraph 12 of the Agreement. It requires "[a]ny controversies or disputes arising out of or relating to this Agreement" to be submitted to "binding arbitration." Service Agreement, ¶ 12. There is no dispute that the Agreement is valid and that Tennessee Tractor and Defendant are signatories to the Agreement. Likewise, there is no dispute that Young is not a signatory. Therefore, the Court finds that Tennessee Tractor is bound by the Agreement. Defendant asserts that Young is also bound by

the Agreement under ordinary contract and agency principles. Def. WH Admins., Inc.'s Mot. to Compel Arbitration, at 9, Dec. 19, 2017, ECF No. 24 (citing *Arnold v. Arnold Corp.*, 920 F.2d 1269, 1281 (6th Cir. 1990) [hereinafter "Def.'s Mot. to Compel Arbitration"]. But the Court disagrees. Citing *Javitch v. First Union Securities., Inc.*, 315 F.3d 619, 624 (2003), Defendant asserts that because Young is seeking benefits from the Agreement—that is to say, enforce Defendant's obligations under the Agreement, he is also bound by its terms. But Young is not seeking to enforce the Agreement. Young is seeking to enforce Defendant's obligations under ERISA. Therefore, Young is not seeking a benefit from the Agreement, and the Court is not persuaded by Defendant's argument. The Court finds that Young is not bound by the Agreement.

The Court further finds that the scope of the arbitration provision includes Tennessee Tractor's claims against Defendant. The language of the Agreement states that "[a]ny controversies or disputes arising out of or relating to this Agreement" will be subjected to resolution by arbitration. All of Tennessee Tractor's claims—breach of contract, fraud and misrepresentation, and indemnification under Tennessee law—relate to the formation of the Agreement or Defendant's purported failure to fulfill its obligations under the Agreement.

The question is then whether there is some other arbitration agreement that purportedly binds Young's claims to arbitration. Defendant argues that Young's claims are subject to an arbitration provision of the Plan itself. *See* Def.'s Mot. to Compel Arbitration, at 9 (citing Tenn. Tractor LLC Health and Welfare Benefit Plan, at 73, June 1, 2016, ECF No. 1-2 [hereinafter "The Plan"]). According to Defendant, "[t]he Plan unequivocally requires Young to arbitrate claims." *Id.* The Plan, in the relevant part, states as follows:

> *Any dispute or claim*, of whatever nature, *arising out of, in connection with, or in relation to this Plan*, or breach or rescission thereof, or in relation to care or

7

> delivery of care, *including any claim based on* contract, tort, or *statute*, must be resolved by arbitration if the amount sought exceeds the jurisdictional limit of the small claims court. . . .

The Plan, at 73 (emphasis added). While the plain language of the arbitration provision would seem to encompass Young's claims, the problem with this argument, according to Plaintiffs, is that the Plan document is of no effect. Pl.'s Resp., at 6. Defendant, despite its obligations under ERISA and requests from Plaintiffs, failed to provide them with any Plan document. *Id.* (citing 29 U.S.C. § 1024(b)(1)(A)–(B); Declaration of Scott Delle, at ¶¶ 9–10, 12, 18, Dec. 22, 2017, ECF No. 25-1 [hereinafter "Delle Decl."]). Neither Plaintiffs nor any representative thereof had even seen much less approved or ratified the Plan document. Delle Decl. ¶¶ 11–12. Upon attempt to access a plan document online through Defendant's website, Plaintiffs say they would find only the message "No files found." Pl.'s Resp., at 7 (citing Delle Decl. ¶ 15). At this stage of the proceedings, and viewing the evidence in a light most favorable to Plaintiff, the Court cannot conclude there is a valid arbitration agreement between Young and Defendant. An unsigned document is simply insufficient. And the addition of Scott Delle's Declaration raises serious questions as to the document's validity. Because the Court has concluded that Young's claims are not arbitrable, the Court has no need to inquire as to whether Congress intended ERISA claims to be non-arbitrable under the third step of its arbitrability analysis and may proceed to the final step: whether Young's claims should be stayed while Tennessee Tractor's claims against Defendant are resolved in arbitration.

### B. Stay of the Proceedings

Defendant alternatively requests that the Court exercise its discretion and stay Young's class-action claims while Tennessee Tractor's claims go through arbitration. *See* Def. WH

Admins., Inc.'s Reply Mem. to Pl.'s Resp. to Def.'s Mot. to Compel Arbitration, at 6–8, Jan. 5, 2018, ECF No. 30 [hereinafter "Def.'s Reply"]. But Defendant only musters unpublished district court decisions as authority for its request. *See id.* Notably, however, one such decision, *Vanvels v. Betten*, 2007 U.S. Dist. LEXIS 7003 (W.D. Mich. Jan. 31, 2007), cites an opinion from the Sixth Circuit in support of its statement that "the usual rule is to stay an action pending [the resolution of legal claims subject to] arbitration." 2007 U.S. Dist. LEXIS 7003 at *22 (citing *Burden v. Check Into Cash of Ky.*, LLC, 267 F.3d 483, 488 (6th Cir. 2001)). But this Court must respectfully disagree with the United States District Court for the Western District of Michigan's (the "Western District of Michigan") reading of *Burden*. On the specific page cited to by the Western District of Michigan, the Sixth Circuit discusses the holding of the Supreme Court of the United States (the "Supreme Court") in *Prima Paint Corp. v. Flood & Conklin Manufacturing Co.*, 388 U.S. 395 (1967) and the resulting circuit split over the application of that holding to nonexistent contracts. *Burden*, 267 F.3d at 488. The Supreme Court held "that arbitration clauses were 'separable' from the contracts in which they were included, and that 'a broad arbitration clause will be held to encompass arbitration of the claim that the contract itself was induced from fraud.'" *Id.* (quoting *Prima Paint Corp.*, 388 U.S. at 402). The Sixth Circuit explained this holding to mean that "a court, rather than an arbitrator, may adjudicate a claim of fraud in the inducement *only* if the claim of fraud concerns the inducement of the arbitration clause itself, not the inducement of the contract generally." *Id.* (citing *Prima Paint Corp.*, 388 U.S. at 403–04) (emphasis added). The issue that divided the circuits was whether *Prima Paint Corp.* applied to void or voidable contracts. *Id.* (collecting cases). The Sixth Circuit goes on to consider the issue with respect to its own precedent, but at no point does the appellate court suggest that there is a standard practice of or even a preference for staying the proceedings as to

9

claims that are not submitted to arbitration. *See id*. at 488–93. The Western District of Michigan, however, also bases its statement of the law in the language of section 3 of the FAA. *VanVels*, 2007 U.S. Dist. LEXIS 7003, at *22 (citing 9 U.S.C. § 3; *Burden*, 267 F.3d at 488) ("This result is consistent with the language of section 3 of the FAA . . . ."). The concurrent citation to *Burden* draws on the beginning of the previously mentioned discussion by the Sixth Circuit of *Prima Paint Corp.* and is at best unhelpful to Defendant here: "Under section 3 of the FAA, when an action is brought in federal court 'upon any issue referable to arbitration under agreement in writing for such arbitration,' the court must 'stay the . . . action pending arbitration once it is satisfied that *the issue is arbitrable under the agreement*.'" *Burden*, 267 F.3d at 488 (quoting *Prima Paint Corp.*, 388 U.S. at 400) (emphasis added). The issues raised by Young are not arbitrable, so there is no reason to stay his claims based upon the language here. And the language employed by the Sixth Circuit or quoted from the Supreme Court is consistent with the FAA. *See* 9 U.S.C. § 3. ("[U]pon being satisfied that *the issue* involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement . . . ."). The decision "to stay litigation among the nonarbitrating parties pending the outcome of the arbitration. . . . is one left to the district court . . . as a matter of its discretion to control its docket." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20 n.23 (1983) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254–55 (1936)). And this Court is of the opinion that unless the issues are not feasibly separated, it should proceed normally as to non-arbitrable claims. *See Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 225 (1985) (White, J., concurring) ("[I]t seems to me that the heavy presumption should be that the arbitration and the lawsuit will each proceed in its normal course.").

Here, Young's class-action claims and Tennessee Tractor's state-law claims, while premised on the same allegations of inaction by Defendant, are fundamentally different. Tennessee Tractor's claims rely on Tennessee contract and tort law while Young's claims rely exclusively on a federal statute. These claims are thus based entirely in different areas of the law, and the Court fails to see how separating the claims would be a waste of judicial economy. Further, the Court is not aware of any prejudice to any party as the result of Tennessee Tractor pursuing its claims before an arbitrator while Young pursues his claims before this Court. Nor does Defendant claim any such prejudice.

IV.     CONCLUSION

For the foregoing reasons, the Defendant's Third Motion to Compel Arbitration is **GRANTED IN PART AND DENIED IN PART**. Tennessee Tractor's claims are governed by the arbitration provision of the Agreement, while Young's class-action claims are not. Accordingly, Tennessee Tractor must submit its claims to arbitration and such claims are hereby **STAYED** as before this Court. Further, the stay on Plaintiffs' Second Motion for Preliminary Injunction is hereby **LIFTED**. Defendant has twenty (20) days to respond to Plaintiffs' Motion.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT COURT JUDGE

Date:  March 12, 2018.