IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

---

| | |
|---|---|
| TENNESSEE TRACTOR, LLC, ) <br> on behalf of itself and the Tennessee ) <br> Tractor, LLC Health and Welfare ) <br> Benefit Plan, and KERRY YOUNG, ) <br> on behalf of himself and all similarly ) <br> situated persons, ) <br>   ) <br>     Plaintiffs, ) <br>   ) <br> vs. ) <br>   ) <br> WH ADMINISTRATORS, INC., ) <br>   ) <br>     Defendant. ) | No. 1:17-cv-02829-STA-egb |

---

ORDER DENYING MOTION FOR RECONSIDERATION AND
LIFTING STAY OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

---

Before the Court is the Motion of Defendant WH Administrators, Inc., for Reconsideration (ECF No. 46) of the Court's Order Granting in Part and Denying in Part Defendant's Third Motion to Compel Arbitration (ECF No. 44). Plaintiffs filed a Response in Opposition (ECF No. 47). Because the Court finds no reason to reconsider its prior Order, Defendant's Motion is **DENIED**. The stay of Plaintiffs' Motion for Preliminary Injunction (ECF No. 10) is accordingly **LIFTED**. Defendant has three (3) days to respond to Plaintiffs' Motion.

Defendant asserts the following evidence that it claims the Court failed to consider in making its prior determination: (1) an e-mail that would tend to show that Plaintiffs could have accessed documents and information regarding the benefit plan; (2) a Form 5500 that shows (a) Plaintiff Tennessee Tractor, LLC, as the plan's sponsor and administrator, and (b) $420,226 as the amount received by Defendant from Plaintiffs rather than an amount in excess of $500,000 as

Plaintiffs articulated in their Amended Complaint. Defendant also seeks a clarification of law, stating that (1) it appears to Defendant that the Court determined that it could not bind Plaintiff Young or the other beneficiaries to arbitration under the plan because the plan documents presented by Defendant were not signed, but (2) signed documents are not necessary under ERISA to bind parties to arbitration. Lastly, Defendant relies on recently received subpoenas to support its contention that it is at risk of participating in duplicative discovery and receiving inconsistent decisions.

Defendant makes its Motion under Local Rule 7.3, which requires:

(1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

W.D. Tenn. R. 7.3(b). As it explained in its prior Order, the Court is bound in motions to compel arbitration by Section 4 of the Federal Arbitration Act (the "FAA"). *Highlands Wellmont Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 573 (6th Cir. 2003). Section 4 of the FAA provides that, "[w]hen asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue." *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2002); *see also* 9 U.S.C. § 4. Only "[i]f the district court is satisfied that the agreement to arbitrate *is not* 'in issue,' [must] it . . . compel arbitration." *Great Earth Cos. v. Simons*, 288 F.3d 878, 889 (6th Cir. 2002) (emphasis added). But "[i]n order to show that the validity of the agreement *is* 'in issue,' the party opposing arbitration must show a genuine issue of material fact as to the validity of the agreement to arbitrate." *Id.* (citing *Doctor's Assocs., Inc. v. Distajo*, 107 F.3d 126, 129–30 (2d Cir. 1997)) (emphasis added).

Assuming *arguendo* that the Court failed to properly consider the e-mail evidence asserted by Defendant, Defendant has now, at best, satisfied Plaintiffs' burden by creating a genuine dispute of fact as to whether Plaintiffs had sufficient access to the plan documents to accept their terms. As to the evidence contradicting the allegations in Plaintiffs' Amended Complaint, the Court agrees with Plaintiffs that such evidence, while quite likely relevant to the merits of this case, is irrelevant to Defendant's Motion to Compel Arbitration. *See* Pls.' Resp. in Opp'n to Def.'s Mot. for Reconsideration and Request for Stay, at 4, Mar. 29, 2018, ECF No. 47. And as for the clarification of law, the Court did not hold or otherwise find that a signed document was required but that the unsigned document at issue was insufficient. *Tenn. Tractor, LLC v. WH Admins, Inc.*, 2018 U.S. Dist. LEXIS 39617, at *12 (W.D. Tenn. Mar. 12, 2018). The Court did not find sufficient evidence that Plaintiff Young or the other beneficiaries had agreed to or were otherwise bound to arbitration. Again, whether Defendant and the beneficiary Plaintiffs had such an agreement is, at best, in dispute.

Because the Court finds that any reconsideration of Defendant's Motion to Compel Arbitration would be futile, the Court declines to determine the presence of a material difference in fact—new or otherwise. The Court further finds that it did not rely on an erroneous legal position of Plaintiffs to arrive at its conclusions. And finally, the Court is not persuaded by the arrival of subpoenas that its initial decision not to stay the proceedings before it involving Plaintiff Young and the beneficiaries will subject Defendant to any undue prejudice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 13, 2018.