IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KERRY YOUNG, on behalf of himself and all similarly situated persons, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | )    No. 1:17-cv-02829-STA-egb<br>) |
| WH ADMINISTRATORS, INC., | )<br>) |
| Defendant. | ) |

**ORDER DENYING DEFENDANT'S MOTION FOR STAY WITHOUT PREJUDICE**

Before the Court is Defendant's Motion to Stay (ECF No. 64) these proceedings in light of the filing of a second lawsuit against Defendant by the United States Department of Labor raising facts substantially similar to those in this suit. For reasons set forth below, the instant Motion is hereby **DENIED** without prejudice.

**BACKGROUND**

On November 10, 2017, Plaintiffs Tennessee Tractor, LLC, and Kerry Young, on behalf of himself and all similarly situated persons, filed a class-action Complaint (ECF No. 1) under the Employee Retirement Income Security Act ("ERISA") against Defendant WH Administrators, Inc. On November 27, 2017, Plaintiffs filed a still-pending Motion for Preliminary Injunction (ECF No. 10). On December 4, 2017, Defendant filed a Motion to Compel Arbitration (ECF No. 14). Then on December 11, 2017, Plaintiffs filed an Amended Complaint (ECF No. 22), resulting in Defendants' re-filed Motion to Compel Arbitration (ECF No. 24). After the parties filed a Response (ECF No. 25), a Reply (ECF No. 30), and a Sur-

Reply (ECF No. 34), the Court granted Defendant's Motion to Compel Arbitration in Part (ECF No. 44) and compelled Tennessee Tractor to take its claims against Defendant to arbitration. Defendant sought reconsideration of its Motion as to Kerry Young and the other class Plaintiffs (ECF No. 46), which the Court denied in its April 13, 2018 Order (ECF No. 49).

On May 4, 2018, Plaintiff[1] filed a Motion for Leave to Supplement (ECF No. 59) the Motion for Preliminary Injunction with information concerning the filing of a lawsuit by the United States Department of Labor against WHA in the United States District Court of Maryland on May 2, 2018. The Court granted that Motion (ECF No. 61). The parties seem to be in agreement that the Department of Labor makes allegations against Defendant that are substantially similar to those made by Plaintiff.

In addition to Plaintiff's pending Motion for Preliminary Injunction, Defendant has filed a Motion to Dismiss (ECF No. 60), the instant Motion to Stay, and a Motion to Quash (ECF No. 67). This Order is solely concerned with the Motion to Stay. Upon the consultation of counsel for this Motion, Plaintiff indicated his opposition but has not yet filed a memorandum. The time for Plaintiff to file has not yet expired, but since the Court agrees with Plaintiff's position, Plaintiff will suffer no prejudice in not being afforded an opportunity to respond.

## DISCUSSION

Defendant asks the Court to exercise its discretion and stay this action pending resolution of the Department of Labor's suit against Defendant. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants . . . ." *Ohio Envtl.*

---

[1] The Court will hereafter refer to Kerry Young and the class members simply as "Plaintiff," using Mr. Young as a stand-in for the rest of the class.

*Council v. U.S. District Court*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "[A]nd . . . the entry of such an order ordinarily rests with the sound discretion of the District Court." *Id.* "[A] court must tread carefully in granting a stay of proceedings, since a party has a right to a determination of its rights and liabilities without undue delay." *Id.* The party seeking

> a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to someone else. Only in rare circumstances will a litigant in one cause be compelled to stand aside while a litigant in another settles the rule of law that will define the rights of both.

*Landis*, 299 U.S. at 255. "Thus the burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council*, 565 F.2d at 396. In the supporting memorandum incorporated into its Motion, Defendant writes that

> a district court generally considers (1) "any prejudice to the non-moving party if a stay is granted," (2) "any prejudice to the moving party if a stay is not granted," and (3) "the extent to which judicial economy and efficiency would be served by the entry of a stay."

Def. WH Admins., Inc.'s Mot. to Stay, at 2, May 14, 2018, ECF No. 64 (quoting *Voeltner v. Gen. Elec. Co.*, 2007 U.S. Dist. LEXIS 92254, at *2 (S.D. Ohio Dec. 4, 2007)) (citations omitted). While these factors have not calcified into a controlling standard, the Court nonetheless finds them instructive as it considers Defendant's Motion.

Defendant argues that (1) a stay would not be prejudicial to Plaintiff, (2) failure to stay this matter would be prejudicial to Defendant, and (3) a stay would serve the interests of judicial efficiency and economy. To the first point, Defendant asserts that there is no risk of dissipation of assets, such as Plaintiff is concerned about, because the relevant plan trust account only has $263.44, and Defendant does not have control over those funds. To the second point, Defendant

3

submits that it will suffer prejudice by being forced to defend itself in two different courts over the same subject matter. Finally, Defendant offers that a stay will serve judicial economy because, depending upon the outcome of the case involving the Department of Labor, this Court may have no need to review the pending Motions or the underlying merits of the case.

The Court is not convinced. At this early stage of the proceedings—an early stage more than six months into the case despite or perhaps because of the high degree of activity by the parties—the Court is forced to give substantial weight to the harm that Plaintiff alleges it will suffer if its Motion for Preliminary Injunction is not granted. Pls.' Mem. of Law in Supp. of Rule 65(a) Mot. for Prelim. Inj., at 8, Nov. 27, 2017, ECF No. 10-1 ("If WHA is successful in . . . dissipating the Plan assets, any judgment obtained against WHA by the Plaintiffs shall be rendered worthless. . . . The failure of WHA to pay the claims of the Plan participants has created a host of debt collection issues that are causing, and will continue to cause, substantial harm and hardship to the Plaintiffs."). The Sixth Circuit and Supreme Court have made clear that it is a heavy burden that must be met for a party's rights to be resolved without his participation. And the Court is not satisfied that the burden has been met in this instance. The Court is not persuaded that either the fact that Defendant must participate in two lawsuits or that judicial efforts may be duplicated to some extent outweighs the potential prejudice to Plaintiff if this action is stayed.

## **CONCLUSION**

For the foregoing reasons, the instant Motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: May 25, 2018.