IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| KERRY YOUNG, on behalf of himself and all similarly situated persons, | )<br>)<br>) |
| Plaintiff, | ) |
| vs. | ) No. 1:17-cv-02829-STA-egb |
| WH ADMINISTRATORS, INC., | ) |
| Defendant. | ) |

**ORDER DENYING DEFENDANTS MOTIONS TO QUASH**

Before the Court are Defendant WH Administrators, Inc.'s Motions to Quash (ECF Nos. 67 & 70). Defendant asks the Court to quash three subpoenas issued by Plaintiffs before any party was permitted to seek discovery under the Federal Rules of Civil Procedure. Plaintiff Kerry Young argues, however, that Defendant lacks standing to seek such relief. Defendant's Motions therefore raise issues surrounding the nature of standing, the Court's role in enforcing the Federal Rules of Civil Procedure, and the interplay of these distinct legal concepts. But the precise question presented is whether a party that lacks standing to challenge a subpoena may nonetheless do so when the subpoena at issue is improper under the Federal Rules of Civil Procedure. The Court holds that the party may not. Standing is derived from the Constitution's limitations of this Court's very power to resolve a dispute, and therefore the Federal Rules of Civil Procedure and the Court itself must both yield. Pursuant to this holding and the Court's finding that Defendant lacks standing, Defendant's Motions are **DENIED**. The Court does not reach any issue as to the subpoenas themselves.

## BACKGROUND

The Court has recently had occasion to summarize the underlying facts and increasingly convoluted procedural posture of this case. Order Deny'g Def.'s Mot. for Stay Without Prejudice, at 1–2, May 25, 2018, ECF No. 68. It will not take the opportunity to do so again here. Instead, the Court will state the few facts of immediate relevance to the instant Motions.

Plaintiff Tennessee Tractor, LLC, ("Tennessee Tractor") and Plaintiff Kerry Young ("Plaintiff"), on behalf of himself and a class of Tennessee Tractor employees, (collectively, "Plaintiffs") filed suit against Defendant under the Employee Retirement Income Security Act (ECF Nos. 1 & 22). But the Court has since compelled Tennessee Tractor's claims to arbitration (ECF No. 44). A Motion for Preliminary Injunction (ECF No. 10) and a Motion to Dismiss (ECF No. 60) are currently pending, and therefore the Parties have not yet conferred pursuant to Federal Rule of Civil Procedure 26(f).

In the first Motion to Quash filed on May 23, 2018, Defendant states that on May 11, 2018, Tennessee Tractor issued two subpoenas, one to Manufacturers and Traders Trust Company and one to Wilmington Trust Company. And in the second Motion to Quash filed on June 4, 2018, Defendant states that on May 29, 2018, Tennessee Tractor issued an additional subpoena to Cypress Benefit Administrators, LLC. Plaintiffs do not deny or otherwise contest these assertions as stated by Defendant.

## DISCUSSION

Defendant asks the Court to quash three subpoenas issued by Plaintiffs to three entities that are not parties to this action. Referring to Federal Rules of Civil Procedure, Defendant notes that prior to the Rule 26(f) conference, the parties, with some exceptions, "may not seek discovery from any source." Fed. R. Civ. P. 26(d)(1). Plaintiff does not invoke an exception to

this Rule. Instead, Plaintiff argues that Defendant lacks standing to bring the instant Motions because Plaintiff issued the subpoenas to third parties rather than Defendant itself.[1] Defendant has not asserted that it has standing in either of its Motions. The Court thus finds itself torn between Federal Rule of Civil Procedure 26(d)(1) and the legal principle of standing in addressing the question presented.

The Constitution confines the Court "to adjudicating actual cases and controversies." *Allen v. Wright*, 468 U.S. 737, 750 (1984) (internal quotation marks omitted); *see also* U.S. Const. art. III, § 2, cl. 1 ("The judicial Power shall extend to all Cases . . . and . . . Controversies . . . ."). "In essence the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues. . . . [I]t is founded in concern about the proper—and properly limited—role of the courts in a democratic society." *Warth v. Seldin*, 422 U.S. 490, 498 (1975) (citing *Schlesinger v. Reservists to Stop the War*, 418 U.S. 208, 221–27 (1974); *United States v. Richardson*, 418 U.S. 166, 188–97 (1974) (Powell, J., concurring)). Constitutional standing requires, at a minimum, three elements: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) the injury must be capable of being "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990); *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 38, 41–42, 43 (1976)) (citing *Allen*, 468 U.S. at 756; *Warth*, 422 U.S. at 508; *Sierra Club v. Morton*, 405 U.S. 727, 740 n.16 (1972)).

In the specific context of subpoenas, standing "is a threshold issue which the Court must consider before addressing the merits of [any] challenges to . . . subpoenas issued to . . . non-parties." *Waite v. Davis*, 2013 U.S. Dist. LEXIS 5253, at *14 (S.D. Ohio Jan. 14, 2013); *see also*

---

[1] Plaintiff also argues that the information sought is relevant to an upcoming hearing (ECF No. 72), but the Court does not reach this argument.

*Mann v. Univ. of Cincinnati*, 114 F.3d 1188 (table), 1997 U.S. App. LEXIS 19625, at *14–15 (6th Cir. May 27, 1997) (citing 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (2d ed. 1995)); *cf. United States v. Llanez-Garcia*, 735 F.3d 483, 498–99 (6th Cir. 2013) (citing *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121 (2d Cir. 1975); *Ponsford v. United States*, 771 F.2d 1305, 1308 (9th Cir. 1985)) ("[A] party may lack standing to file a motion to quash a subpoena to a third party."). In fact, "[o]rdinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless the objecting party claims some personal right or privilege with regard to the documents sought." 9A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2459 (3d ed. 2008); *see also Langford*, 513 F.2d at 1126 (citation omitted) (stating the same).

Although the Supreme Court of Tennessee does not derive its authority from the federal Constitution's dispensation of the judicial power of the United States as this Court does, the Court finds the discussion of standing in the context of subpoenas from Tennessee's high court instructive:[2]

> The doctrine of standing is used to determine whether a particular plaintiff is entitled to judicial relief. It is the principle that courts use to determine whether a party has a sufficiently personal stake in a matter at issue to warrant a judicial resolution of the dispute. Persons whose rights or interests have not been affected have no standing and are, therefore, not entitled to judicial relief.

*State v. Harrison*, 270 S.W.3d 21, 27–28 (Tenn. 2008) (citing *Lynch v. City of Jellico*, 205 S.W.3d 384, 395 (Tenn. 2006); *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976); *SunTrust Bank, Nashville v. Johnson*, 46 S.W.3d 216, 222 (Tenn. Ct. App. 2000)). For a party that lacks standing, the *Harrison* court cuts no distinction between standing to sue and standing

---

[2] Indeed, the Supreme Court of Tennessee has looked to federal discussions of standing, *see, e.g., ACLU v. Darnell*, 195 S.W.3d 612, 619–20 (Tenn. 2006) (citations omitted) ("[S]tanding enforces the constitutional case-or-controversy requirement that is 'crucial in maintaining the "tripartite allocation of power" set forth in the Constitution.'").

to move to quash a subpoena. *See id.*; *cf. United States v. Tomison*, 969 F. Supp. 587, 595–96 (E.D. Cal. 1997) ("Even if Rule 17(c) did not permit defendants to apply for the subpoenas duces tecum ex-parte, the government has not demonstrated standing to move to quash them. Since standing goes to the jurisdiction of the court, the government, as the party attempting to invoke the court's jurisdiction, has the burden of demonstrating that it has standing."). This notion is also present in criminal proceedings when a defendant seeks to suppress unlawfully obtained evidence: "evidence is excluded to provide a remedy for a wrong done to the defendant, and . . . accordingly, if the defendant has not been wronged he is entitled to no remedy." *People v. Martin*, 290 P.2d 855, 857 (Cal. 1955); *see also United States v. Wright*, 635 F. App'x 162, 170 (6th Cir. 2015) (noting that the defendant could not challenge particular applications for wiretaps because he lacked standing); *United States v. Sangineto-Miranda*, 859 F.2d 1501, 1511 n.5 (6th Cir. 1988) (noting that the defendant could not move to suppress certain evidence because he lacked standing to do so). Standing to seek relief for an injury suffered—whether compensation for one's injuries, suppression of unlawfully obtained evidence, or the annulment of a subpoena—is not prudential but constitutional.[3] The Court cannot ignore a deficiency in standing regardless of the merits of the movant's substantive argument.

Here, Defendant has not claimed "a personal right or privilege" concerning the information sought by Plaintiff. Nor has Defendant otherwise laid claim to standing in these

---

[3] The Court does not discuss "prudential standing" here, which the Supreme Court of the United States has referred to as misleadingly labeled, because it is a further limitation on statutory causes of action rather than a distinct type of standing. *See Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386 (2014). Thus, even supposing that a subpoena issued in violation of the Federal Rules of Civil Procedure conferred prudential standing upon a party that did not receive the subpoena by virtue of the Rule violated, that party would lack standing to quash the subpoena unless it also satisfied the requirements for constitutional standing.

5

Motions.  Nonetheless, the Court has identified a source of potentially persuasive authority in Defendant's favor.  United States Magistrate Judge Arlene R. Lindsay of the United States District Court for the Eastern District of New York considered this very issue in 2010.  Finding for the parties seeking to quash the subpoenas, Magistrate Judge Lindsay wrote that

> Although the plaintiff is correct that a party ordinarily lacks standing to challenge a non-party subpoena with a motion for a protective order or to quash unless the party is seeking to protect a personal privilege or right, and motions to quash must be made to the district court were a non-party is served, discovery is premature in the case. Pursuant to Rule 26(d)(1), a party may not seek discovery from any source until the parties have conferred as required by Rule 26(f).

*Sampson v. MediSys Health Network, Inc.*, 2010 U.S. Dist. LEXIS 84568, at *1–2 (E.D.N.Y. Aug. 17, 2010) (Lindsay, M.J.) (citing *Malmberg v. United States*, 2010 U.S. Dist. LEXIS 28784, at *3 (N.D.N.Y. Mar. 24, 2010)) (internal quotation marks omitted); *cf. United States v. Fitzgerald*, 416 F. App'x 238, 244 (4th Cir. 2011) (affirming the trial court's granting of a motion quash without reaching the defendant's argument that the government lacked standing); *infra* note 5.  But this reasoning does not persuade the Court.  Magistrate Judge Lindsay includes "ordinarily" as a qualification to the rule of standing for subpoenas.  This qualification is not original to Magistrate Judge Lindsay's formulation.  And although the qualification may[4] leave open the possibility of additional avenues that would satisfy the standing requirement, it does not—and indeed could not—permit situations where a party without standing could still get the relief it seeks.  Neither qualified language in the application of a procedural rule nor the procedural rule itself can overcome a constitutional rule.  There is no getting around the fact that

---

[4] The Court suspects that "ordinarily" is simply the opening for the subsequent exceptions prefaced by "unless" in most formulations of this rule statement.

this Court lacks the power under the Constitution to grant Defendant relief for Plaintiffs' procedural violation because, if an injury has occurred, Defendant did not suffer it.[5]

For these reasons, the Court holds that a violation of the Federal Rules of Civil Procedure cannot overcome a lack of standing when moving the Court to quash a subpoena. As Plaintiff issued all three of the subpoenas in question to third-party entities, and Defendant claims no privilege or other personal right to contest the subpoenas, the Court further holds that Defendant lacks standing to bring the present Motions. Accordingly, Defendant's Motions are hereby **DENIED**.

## CONCLUSION

The Court holds that a party that lacks standing to challenge a subpoena may not do so even if the subpoena at issue is improper under the Federal Rules of Civil Procedure. And because the Court also finds that Defendant lacks standing, Defendant's Motions to Quash are **DENIED**. The Court does not reach the propriety of Plaintiffs' subpoenas.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: June 13, 2018.

---

[5] On June 8, 2018, Defendant filed a Motion for Leave to File a Reply (ECF No. 74) to Plaintiff's Response in Opposition to Defendant's second Motion to Quash. Therein, Defendant sought to argue that, despite Defendant's lack of standing, the Court should either construe the Motions to Quash as Motions for Protective Orders under Federal Rule of Civil Procedure 26(c), *see Washington v. Thurgood Marshall Academy*, 230 F.R.D. 18, 21–22, (D.D.C. 2005), or quash the subpoenas *sua sponte*. *See Pike v. Trinity Indus., Inc.*, 2012 U.S. Dist. LEXIS 79586, at *2–3 (M.D. Fla. June 8, 2012). The Court denied Defendant's Motion in its June 11, 2018 Order (ECF No. 75) because the Court found either possibility irrelevant to its analysis. Either Defendant has standing to seek relief or it does not. The Court sees no value in confusing that question.