# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | | |
|---|---|---|
| KERRY YOUNG, on behalf of himself and all similarly situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 1:17-cv-02829-STA-egb |
| WH ADMINISTRATORS, INC., | ) ) ) | |
| Defendant. | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO JOIN A NECESSARY AND INDISPENSABLE PARTY

Before the Court is Defendant WH Administrators, Inc.'s Motion to Dismiss for Failure to Join a Necessary and Indispensable Party (ECF No. 60). Defendant seeks the dismissal of this class action under Federal Rule of Civil Procedure 12(b)(7) because Plaintiff Kerry Young failed to join his co-plaintiff and employer Tennessee Tractor, LLC, ("Tennessee Tractor") and insurance broker Jas. D. Collier & Co. ("Collier"). Plaintiff filed a Response in Opposition (ECF No. 65) to Defendant's Motion, asserting that neither Tennessee Tractor nor Collier is necessary and indispensable to this case. For reasons set forth below, the Court agrees with Plaintiff. Defendant's Motion to Dismiss is therefore **DENIED**.

## BACKGROUND

**I.      Allegations of the Complaint**

The following facts are alleged by Plaintiff in the Frist Amended Complaint ("Complaint"). The Court repeats its recitation of those allegations from the Court's Order

Granting in Part and Denying in Part Defendant's Third Motion to Compel Arbitration (ECF No. 44) below.

> Tennessee Tractor is a west Tennessee-based John Deere dealer engaged in the sale and service of John Deere tractors, mowers, and their respective parts. Tennessee Tractor also established the Tennessee Tractor LLC Health and Welfare Benefit Plan (the "Plan") for the benefit of its employees and their eligible dependents. Young is and, at all times relevant to this lawsuit, was a full-time employee of Tennessee Tractor. Defendant is and, at all times relevant to this lawsuit, was a third-party provider of ERISA plan administration and claims services. In February 2016, Defendant, through its own actions in Tennessee and those of its agent and broker, marketed a self-funded group health plan in Tennessee to Tennessee Tractor for the benefit of its employees. This health plan would be and indeed was an employee welfare benefit plan as defined under ERISA. On or about April 18, 2016, Tennessee Tractor entered into a Patient Protection and Affordable Care Act Compliance Service Agreement (the "Agreement") with Defendant WH Administrators, Inc., to administer the Plan. Under the Agreement, Defendant was to, among other things, ensure Tennessee Tractor's compliance with the Patient Protection and Affordable Care Act and administer the Plan. The Plan was to commence on June 1, 2016. Tennessee Tractor was named as Plan Sponsor. Defendant was the duly appointed Plan Administrator and named fiduciary. Tennessee Tractor's employees, including Young, were participants in the Plan and therefore eligible to receive benefits under it. Over the course of the parties' contractual relationship, Tennessee Tractor performed all of its duties and obligations under the Agreement. But in December 2016, Defendant abruptly and without explanation ceased processing or paying the claims of Tennessee Tractor's employees, including those of Young.

*Tenn. Tractor, LLC v. WH Adm'rs, Inc.*, 2018 U.S. Dist. LEXIS 39617, at *4–5 (W.D. Tenn. Mar. 12, 2018).

II.   **Procedural Posture**

The Court next repeats its description of the procedural posture of this case from its Order Denying Defendant's Motion for Stay Without Prejudice (ECF No. 68) below.

> On November 10, 2017, Plaintiffs Tennessee Tractor, LLC, and Kerry Young, on behalf of himself and all similarly situated persons, filed a class-action Complaint (ECF No. 1) under [ERISA] against Defendant WH Administrators, Inc. On November 27, 2017, Plaintiffs filed a still-pending Motion for Preliminary Injunction (ECF No. 10). On December 4, 2017, Defendant filed a Motion to Compel Arbitration (ECF No. 14). Then on December 11, 2017, Plaintiffs filed an Amended Complaint (ECF No. 22), resulting in Defendants' re-

filed Motion to Compel Arbitration (ECF No. 24). After the parties filed a Response (ECF No. 25), a Reply (ECF No. 30), and a Sur-Reply (ECF No. 34), the Court granted Defendant's Motion to Compel Arbitration in Part (ECF No. 44) and compelled Tennessee Tractor to take its claims against Defendant to arbitration. Defendant sought reconsideration of its Motion as to Kerry Young and the other class Plaintiffs (ECF No. 46), which the Court denied in its April 13, 2018 Order (ECF No. 49).

*Young v. WH Adm'rs, Inc.*, 2018 U.S. Dist. LEXIS 87762, at *1–2 (W.D. Tenn. May 25, 2018).

Since that time, the Court has rejected Defendant's efforts to quash various subpoenas because Defendant lacked standing to move the Court to do so (ECF No. 76), and the parties agreed to a Consent Order that resolved the Motion for Preliminary Injunction (ECF Nos. 82 & 83).

## **LEGAL STANDARD**

The Court must determine the indispensability of absent parties before ruling on the merits of a case. *See Keweenaw Bay Indian Cmty. v. Michigan*, 11 F.3d 1341, 1348 (6th Cir. 1993) (citing *Tankersley v. Albright*, 514 F.2d 956, 966 (7th Cir. 1975)). Pursuant to Federal Rule of Civil Procedure 12(b)(7), a defendant may move to dismiss a complaint for failure to join a party under Federal Rule of Civil Procedure 19. Fed. R. Civ. P. 12(b)(7); 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359 (3d ed. 2004) (". . . Rule 12(b)(7) permits a motion to dismiss when there is an absent person without whom complete relief cannot be granted . . . ."). In a motion to dismiss under Rule 12(b)(7), just as is the case under Rule 12(b)(6), the Court accepts Plaintiff's allegations as true and draws all reasonable inferences in his favor. *Nanko Shipping, USA v. Alcoa, Inc.*, 850 F.3d 461, 465 (D.C. Cir. 2017) (citing *Paiute-Shoshone Indians of the Bishop Cmty. v. City of Los Angeles*, 637 F.3d 993, 996 n.1 (9th Cir. 2011)).

3

The Court's analysis under Rule 19 involves two steps: (1) the Court must determine whether the absent parties are required parties; and if so, (2) the Court must determine whether, in their absence, equity and good conscience require the case to be dismissed. *Sch. Dist. v. Sec'y of U.S. Dept. of Educ.,* 584 F.3d 253, 264–65 (6th Cir. 2009); *see also Keweenaw Bay Indian Cmty.*, 11 F.3d at 1345 (citing *Local 670 v. Int'l Union, United Rubber, Cork, Linoleum and Plastic Workers of Am.*, 822 F.2d 613, 618 (6th Cir. 1987)) (applying pre-2007 version of Rule 19). "If the answer to either question is no, then Rule 19 does not" require dismissal. *Sch. Dist.*, 584 F.3d at 265.

The first step of this inquiry is set out in Rule 19(a), which provides that an absent party is required for joinder if

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
> > (i) as a practical matter impair or impede the person's ability to protect the interest; or
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a). If the Court finds that an absent party is required but that joinder is not feasible, then the Court must proceed to the second step, which is governed by Rule 19(b). *Sch. Dist.*, 584 F.3d at 264. Under that paragraph, the Court "must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). In doing so, the Court should consider the following factors:

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
> (2) the extent to which any prejudice could be lessened or avoided by:
> > (A) protective provisions in the judgment;
> > (B) shaping the relief; or
> > (C) other measures;

>    (3) whether a judgment rendered in the person's absence would be adequate; and
>    (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b). Ultimately, however, "the burden is on the moving party 'to show the nature of the unprotected interests of the absent individuals [or organizations] and the possibility of injury to them or that the parties before the court will be disadvantaged by their absence.'" *United States v. Sweeny*, 418 F. Supp. 2d 492, 499 (S.D.N.Y. 2006) (quoting Wright & Miller, *supra*, at § 1359).

The Supreme Court has opined that "the issue of joinder [under Rule 19] can be complex, and determinations are case specific." *Republic of Phil. v. Pimentel*, 553 U.S. 851, 863 (2008) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 118–19 (1968)). Thus, Rule 19 "is not to be applied in a rigid manner but should instead be governed by the practicalities of the individual case." *Smith v. United Brotherhood of Carpenters & Joiners*, 685 F.2d 164, 166 (6th Cir. 1982) (citing *Patterson*, 390 U.S. at 116 n.12). "Rule 19 calls for a pragmatic approach; simply because some forms of relief might not be available due to the absence of certain parties, the entire suit should not be dismissed if meaningful relief can still be accorded." *Keweenaw Bay Indian Cmty.*, 11 F.3d at 1346 (quoting *Local 670*, 822 F.2d at 618).

## **ANALYSIS**

Defendant argues that dismissal is warranted under Rule 12(b)(7) because, under Rule 19, Tennessee Tractor and Collier are necessary and indispensable parties to this action. Plaintiff responds that Defendant has failed to demonstrate, and indeed cannot demonstrate, that either Tennessee Tractor or Collier are necessary to this action under Rule 19. The Court finds that Defendant has failed to meet its burden of showing that an absent party is necessary and indispensable to this litigation. Accordingly, dismissal is not warranted under Rule 12(b)(7).

The issue before the Court is whether it can "accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). "Completeness is determined on the basis of those persons who are already parties, and not as between a party and the absent person whose joinder is sought." *Sch. Dist.*, 584 F. 3d at 265. Defendant argues that without the presence of Tennessee Tractor, Collier, or both entities in this action, the Court cannot give complete relief. Defendant first notes that "[w]here a claim is predicated on the failure of the plan to pay benefits under ERISA, it is generally settled that the plan []or plan administrator [is] a necessary party." WH Admin., Inc.'s Mot. to Dismiss Pls.' First Am. Compl. for Failure to Join a Necessary and Indispensable Party, at 4, May 4, 2018, ECF No. 60 (citing *Jass v. Prudential Health Care Plan*, 88 F.3d 1482, 1490 (7th Cir. 1996); *Daniel v. Eaton Corp.*, 839 F.2d 263, 266 (6th Cir. 1988)). The Sixth Circuit noted in *Daniel,* however, that "[u]nless an employer is shown to control administration of a plan, it is not a proper party defendant in an action concerning benefits." 839 F.2d at 266 (citing *Foulke v. Bethlehem 1980 Salaried Pension Plan*, 565 F. Supp. 882 (E.D. Pa. 1983); *Boyer v. J.A. Majors Co. Employees' Profit Sharing Plan*, 481 F. Supp. 454, 457–58 (N.D. Ga. 1979)). As such, Defendant asserts that Tennessee Tractor *is* the Plan Administrator and, therefore, Tennessee Tractor's presence is required because it is the entity in control of the funds and in the best position to provide Plaintiff with relief. But, as Plaintiff noted in his Response and as the Court noted in its Order on the Motion to Compel, there are, at the very least, reasons to doubt Defendant's assertion here. Ultimately, however, the Court need only, and indeed must, accept Plaintiff's allegations as true for the purposes of this Motion. And Plaintiff alleges that Defendant is the Plan Administrator. Therefore, the Court lacks a basis to conclude that Tennessee Tractor is a necessary party. Defendant's additional argument that Collier is a necessary party because Plaintiff relies on representations made by Collier in setting

forth his claims must also fail. The Amended Complaint only mentions Collier to the effect that Collier assisted Defendant in marketing its health plans in Tennessee to Tennessee Tractor. But Plaintiff's claims against Defendant involve Defendant's statutory duties under ERISA and are not based in Collier's representations. Thus, complete relief can be sought from Defendant as Plan Administrator. Once again, the Court lacks a basis to conclude that Collier is a necessary party because the nature of Plaintiff's allegations suggests that relief, if he is entitled to it, should come *completely* from Defendant.

As Defendant does not assert that either Tennessee Tractor or Collier "claims an interest relating to the subject of the action," the Court further concludes that there is no basis to find that either party is necessary under the second prong of Rule 19(a). Thus, there is no need to proceed to Rule 19(b). The Court holds that Rule 12(b)(7) and Rule 19 do not require dismissal of the Amended Complaint. The instant Motion is **DENIED**.

## CONCLUSION

Because the Court finds that Defendant has not shown that an absent party is required in the instant action, Defendant's Rule 12(b)(7) Motion to Dismiss is **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: August 22, 2018.