IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| **KERRY YOUNG, on behalf of himself and all similarly situated persons,** | ) ) ) |
| **Plaintiffs,** | ) ) |
| v. | ) No.: 1:17-cv-02829-STA-egb ) |
| **WH ADMINISTRATORS, INC.,** | ) ) |
| **Defendant.** | ) ) |

**ORDER GRANTING PLAINTIFF'S MOTION FOR CIVIL CONTEMPT OF COURT ORDER AND SANCTIONS**

Before the Court is Plaintiff's Motion for Civil Contempt of Court Order and Sanctions, filed August 31, 2018. (ECF No. 85.) In his Motion, Plaintiff asserts that Defendant failed to comply with this Court's Order (ECF No. 82) instructing Defendant to provide Plaintiff or its legal counsel with all information and documentation in Defendant's control relating to the health and welfare benefit plan ("Plan") participants' healthcare claims. (ECF No. 85.) In its Response, Defendant contends that after Plaintiff filed his Motion, Defendant provided the requested documents to Plaintiff. (ECF No. 87.) Plaintiff replied, informing this Court that Defendant's production formed a "mere patchwork of information" necessary for adjudicating the claims. (ECF No. 90.) This Court ordered counsel for both parties and a corporate representative for Defendant to appear for a hearing on the Motion on October 22, 2018. (ECF No. 91.) For Defendant's failure to comply with this Court's previous Order and for Defendant's failure to produce a corporate representative at the Motion hearing, Plaintiff's Motion for Civil Contempt of Court Order and Sanctions is **GRANTED.**

This Court has broad contempt power. *See* 18 U.S.C. § 401. Courts may impose contempt sanctions both as a punishment and to coerce an offender's obedience. *Int'l Union, United Mine Workers of American v. Bagwell*, 512 U.S. 821, 828 (1994). The power to punish for contempt is inherent, as enforcing orders is essential to administering justice. 18 U.S.C. § 401 ("A court of the United States shall have power to punish by fine . . . such contempt of its authority as . . . [d]isobedience or resistance to its lawful writ, process, order, rule, decree, or comment."); *Ex parte Robinson*, 86 U.S. 505, 510 (1873). Thus, imposing civil fines is well within this Court's authority.

It is undisputed that Defendant failed to comply with this Court's Order instructing Defendant to "provide to Tennessee Tractor and/or its legal counsel all information and documentation, whether maintained in electronic or physical format, relating to the healthcare claims of the Plan participants in WHA's possession or control" by August 1, 2018. (ECF No. 82.) Almost a month after the date Defendant was required to have produced the aforementioned documentation, Plaintiff filed his Motion for contempt and sanctions. (ECF No. 85.) In his Motion, Plaintiff states that Defendant produced merely a single spreadsheet—a clear violation of this Court's Order. (*Id.*) Plaintiff asked this Court to hold Defendant in contempt for its willful noncompliance. (*Id.*) In its Response, Defendant claimed to have since provided Plaintiff with the requested documentation. (ECF No. 87.) Plaintiff replied, elucidating that Defendant continued to be in contempt, as Defendant had provided only 256 pages of documentation and information—in stark contrast to the thousands of claims made pursuant to the Plan. (ECF No. 90.) This Court ordered that both parties appear for a hearing on the Motion to give Defendant an opportunity to show cause for its alleged failure to comply with this Court's previous Order. (ECF No. 91.) Defendant was required to provide a corporate representative

whose testimony would represent the knowledge of WHA regarding the physical and electronic storage, maintenance, control, location, and availability of relevant documents as well as Defendant's alleged failure to comply with the previous Order. (*Id.*) No such representative appeared.

Defendant's counsel appeared at the Motion hearing and indicated that WHA has a solitary employee, and that employee had insufficient funds to appear before this Court as ordered. (*See* ECF No. 91.) Defendant's counsel informed the Court that this is one of several cases against Defendant for matters pertaining to the failure to administer health and welfare benefit plans. *See, e.g.*, *G.W. Foods, Inc. Health, Welfare, & Benefits Plan, et al. v. WH Administrators, Inc.*, No. 6:17-CV-03380-SRB, 2018 WL 3414323 (W.D. Mo. May 17, 2018); *Reg'l Med. Ctr. of San Jose v. WH Administrators, Inc.*, No. 5:17-CV-03357-EJD, 2017 WL 6513441 (N.D. Cal. Dec. 20, 2017). The United States District Court for the District of Maryland ordered Defendant to cease its "services, duties, responsibilities, [and] obligations" on July 6, 2018. *Acosta v. WH Administrators, Inc., et al.*, No. 1:18-cv-01290-RDB (D.C.M.D. July 6, 2018) (ECF No. 29-1). Because there is a pending criminal claim against Defendant, even if Defendant's representative had appeared, Defendant's counsel purported that the representative would have asserted his Fifth Amendment rights. Though an appearance may have fruitless, this Court finds Defendant's failure to provide a representative at the Motion hearing as further grounds for contempt.

Defendant's counsel and Plaintiff's counsel told this Court that the Friday prior to the hearing, Defendant delivered more documents to Plaintiff. Plaintiff, however, still lacks all the documents necessary to adjudicate the claims against Defendant.

For Defendant's failure to comply with the prior Order and its failure to provide a corporate representative at the hearing, Plaintiff's Motion is **GRANTED**. In accordance with 18 U.S.C. § 401, this Court awards Plaintiff costs incurred in enforcing compliance with the previous Order. Plaintiff's counsel has ten (10) days from the entry of this Order to submit a list of costs.

This Court—again—orders Defendant to provide Plaintiff or its legal counsel with all information and documentation in Defendant's control relating to the Plan participants' claims, in accordance with this Court's prior Order. (ECF No. 82.) Defendant has fifteen (15) days to comply.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: October 26, 2018